Jordon Harlan, Esq. (CA #273978)
**HARLAN LAW, P.C.**
2404 Broadway, 2nd Floor
San Diego, CA 92102
Telephone: (619) 870-0802
Fax: (619) 870-0815
Email: jordon@harlanpc.com

Adam J. Kress, Esq. (MN #0397289)
*Pro Hac Vice to be filed*
Anna R. Rick, Esq. (MN #0401065)
*Pro Hac Vice to be filed*
**JOHNSON BECKER, PLLC**
444 Cedar Street, Suite 1800
St. Paul, MN 55101
Telephone: (612) 436-1800
Fax: (612) 436-1801
Email: akress@johnsonbecker.com
Email: arick@johnsonbecker.com

*Attorneys for Plaintiff Moira Smith-Yackel*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MOIRA SMITH-YACKEL, an individual,**<br><br>            **Plaintiff,**<br><br>v.<br><br>**SHARKNINJA OPERATING, LLC., a Massachusetts Limited Liability Company,**<br><br>            **Defendant.** | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1.  Strict Products Liability<br><br>2.  Negligent Products Liability<br><br>3.  Breach of Implied Warranty of Merchantability<br><br>4.  Breach of Implied Warranty of Fitness for a Particular Purpose |

Plaintiff, **MOIRA SMITH-YACKEL** (hereafter referred to as "Plaintiff"), by and through her undersigned counsel, **JOHNSON BECKER, PLLC** and **HARLAN**

**LAW, P.C**., hereby submits the following Complaint and Demand for Jury Trial against Defendant **SHARKNINJA OPERATING, LLC** (hereafter referred to as "Defendant SharkNinja" or "Defendant**"**) alleges the following upon personal knowledge and belief, and investigation of counsel:

## NATURE OF THE CASE

1.     This is a product liability action seeking recovery for substantial personal injuries and damages suffered by Plaintiff after Plaintiff was seriously injured by a "Ninja Foodie" pressure cooker (hereafter generally referred to as "pressure cooker(s)").

2.     Defendant SharkaNinja Operating, LLC manufactures, markets, imports, distributes and sell a wide range of consumer products, including the subject "Ninja Foodie" pressure cooker at issue in this case.

3.     On or about November 15, 2020, Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the pressure cooker's lid suddenly and unexpectedly exploding off the pressure cooker's pot during the normal, directed use of the pressure cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto Plaintiff.

4.     As a direct and proximate result of Defendant's conduct, the Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, wage loss, physical pain, mental anguish, and diminished enjoyment of life.

## THE PARTIES

5.     Plaintiff was and is, at all relevant times, a resident of the City of Paramount, County of Los Angeles, State of California.

6.     Defendant SharkNinja designs, manufacturers, markets, imports, distributes and sells a variety of consumer products, including the subject "Ninja Foodie" pressure cookers.

7.     Defendant SharkNinja is a Massachusetts Limited Liability Corporation incorporated in the State of Delaware and has a principal place of business located at 89 A St. # 100, Needham, MA 02494. Defendant SharkNinja has a registered service

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1  address Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

2  8.      At the time of Plaintiff's injuries, the sole member of SharkNinja Operating,

3  LLC was EP Midco, LLC, a Massachusetts Limited Liability Company created and

4  organized under the law of the State of Delaware and located at 89 A St. # 100,

5  Needham, MA 02494.

6  9.      At the time of Plaintiff's injuries, the sole member of EP Midco, LLC was Brian

7  Lagarto.

8  10.     Mr. Largato is a resident and citizen of the state of Massachusetts, and operates

9  out of his principal places of business, 180 Wells Avenue, Suite 200, Newton,

10  Massachusetts, 02459.

11  11.     Accordingly, Defendant SharkNinja is a resident and citizen of the State of

12  Massachusetts for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

13                          **JURISDICTION AND VENUE**

14  12.     This Court has subject matter jurisdiction over this case pursuant to diversity

15  jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds

16  the sum or value of $75,000, exclusive of interest and costs, and there is complete

17  diversity between the parties.

18  13.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 all or a substantial

19  part of the events or omissions giving rise to this claim occurred in this district.

20  14.     Venue is also proper in this Court pursuant to 28 U.S.C. § 1391 because

21  Defendant has sufficient minimum contacts with the State of California; and has

22  intentionally availed itself of the markets within California through the promotion,

23  sale, marketing, and distribution of its products.

24                          **FACTUAL BACKGROUND**

25  15.     Defendant SharkNinja is engaged in the business of designing, manufacturing,

26  warranting, marketing, importing, distributing and selling the pressure cookers at

27  issue in this litigation.

28  16.     Defendant SharkNinja warrants, markets, advertises and sell its pressure

cookers as a means to cook "easy" and "convenient" allowing consumers to "cook 70% faster than traditional cooking method[s]." [1]

17.     Defendant SharkaNinja boasts that its pressure cookers have "14 safety features," [2] which purport to keep the user safe while cooking.

18.     For example, according to the Owner's Manual accompanying the individual unit sold, the pressure cookers are equipped with a "safety feature" that prevents the lid from unlocking until "the unit is completely depressurized."[3]

19.     By reason of the forgoing acts or omissions, the above-named Plaintiff and/or her family purchased the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

20.     On or about November 15, 2020, Plaintiff was using the pressure cooker designed, manufactured, marketed, imported, distributed and sold by Defendant SharkNinja for its intended and reasonably foreseeable purpose of cooking.

21.     While the pressure cooker was in use for cooking, the pressure cooker's lid unexpectedly and suddenly blew off the pot in an explosive manner. The contents of the pressure cooker were forcefully ejected out of the pot and onto Plaintiff, causing severe, disfiguring burns.

22.     Plaintiff and her family used the pressure cooker for its intended purpose of preparing meals and did so in a manner that was reasonable and foreseeable by the Defendant SharkNinja.

23.     However, the aforementioned pressure cooker was defectively and negligently designed and manufactured by Defendant SharkNinja in that it failed to properly function as to prevent the lid from being removed with normal force while the unit

---

[1] https://www.ninjakitchen.com/pressure-cookers/ (last accessed September 27, 2022)
[2] *Id.*
[3] Attached hereto as "Exhibit A" and incorporated by reference is the OP300 Series Owner's Manual. *See,* e.g. pgs. 15, 23.

remained pressurized, despite the appearance that all the pressure had been released, during the ordinary, foreseeable and proper use of cooking food with the product; placing the Plaintiff, her family, and similar consumers in danger while using the pressure cookers.

24.	Defendant SharkNinja's pressure cookers possess defects that make them unreasonably dangerous for their intended use by consumers because the lid can be rotated and opened while the unit remains pressurized.

25.	Further, Defendant SharkNinja's representations about "safety" are not just misleading, they are flatly wrong, and put innocent consumers like Plaintiff directly in harm's way.

26.	Economic, safer alternative designs were available that could have prevented the pressure cooker's lid from being rotated and opened while pressurized.

27.	As a direct and proximate result of Defendant SharkNinja's intentional concealment of such defects, its failure to warn consumers of such defects, its negligent misrepresentations, its failure to remove a product with such defects from the stream of commerce, and its negligent design of such products, Plaintiff used an unreasonably dangerous pressure cooker, which resulted in significant and painful bodily injuries.

28.	Consequently, the Plaintiff in this case seeks compensatory damages resulting from the use of Defendant SharkNinja's pressure cooker as described above, which has caused the Plaintiff to suffer from serious bodily injuries, medical expenses, lost wages, physical pain, mental anguish, diminished enjoyment of life, and other damages.

**FIRST CAUSE OF ACTION**

**<u>STRICT PRODUCTS LIABILITY</u>**

PLAINTIFF, FOR A FIRST CAUSE OF ACTION AGANST SHARKNINJA OPERATING, LLC, ALLEGES AS FOLLOWS:

29.	Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

30.	At the time of Plaintiff's injuries, Defendant's pressure cookers were defective

1   and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

2   31.   Defendant's pressure cookers were in the same or substantially similar

3   condition as when they left the possession of the Defendant.

4   32.   Plaintiff and her family did not misuse or materially alter the pressure cooker.

5   33.   The pressure cookers did not perform as safely as an ordinary consumer would

6   have expected them to perform when used in a reasonably foreseeable way.

7   34.   Further, a reasonable person would conclude that the possibility and serious of

8   harm outweighs the burden or cost of making the pressure cookers safe. Specifically:

9   a.   The pressure cookers designed, manufactured, sold, and supplied by
10       Defendant were defectively designed and placed into the stream of
11       commerce in a defective and unreasonably dangerous condition for
12       consumers;

13   b.   The seriousness of the potential burn injuries resulting from the product
14       drastically outweighs any benefit that could be derived from its normal,
15       intended use;

16   c.   Defendant failed to properly market, design, manufacture, distribute,
17       supply, and sell the pressure cookers, despite having extensive knowledge
18       that the aforementioned injuries could and did occur;

19   d.   Defendant failed to warn and place adequate warnings and instructions
20       on the pressure cookers;

21   e.   Defendant failed to adequately test the pressure cookers; and

22   f.   Defendant failed to market an economically feasible alternative design,
23       despite the existence of economical, safer alternatives, that could have
24       prevented the Plaintiff's injuries and damages.

25   35.   At the time of Plaintiff's injuries, Defendant's pressure cookers were defective

26   and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

27   36.   Defendant's actions and omissions were the direct and proximate cause of the

28   Plaintiff's injuries and damages.

6

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**WHEREFORE,** Plaintiff demands judgment against Defendant for and punitive damages according to proof, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.  Plaintiff reserves the right to amend the complaint to seek punitive damages if and when evidence or facts supporting such allegations are discovered.

**SECOND CAUSE OF ACTION**

**<u>NEGLIGENT PRODUCTS LIABILITY</u>**

PLAINTIFF, FOR A SECOND CAUSE OF ACTION AGANST SHARKNINJA OPERATING, LLC, ALLEGES AS FOLLOWS:

37.  Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

38.  Defendant had a duty of reasonable care to design, manufacture, market, and sell non-defective pressure cookers that are reasonably safe for its intended uses by consumers, such as Plaintiff and her family.

39.  Defendant failed to exercise ordinary care in the manufacture, sale, warnings, quality assurance, quality control, distribution, advertising, promotion, sale, and marketing of its pressure cookers in that Defendant knew or should have known that said pressure cookers created a high risk of unreasonable harm to the Plaintiff and consumers alike.

40.  Defendant was negligent in the design, manufacture, advertising, warning, marketing and sale of its pressure cookers in that, among other things, it:

    a.  Failed to use due care in designing and manufacturing the pressure cookers to avoid the aforementioned risks to individuals;

    b.  Placed an unsafe product into the stream of commerce;

    c.  Aggressively over-promoted and marketed its pressure cookers through television, social media, and other advertising outlets; and

    d.  Were otherwise careless or negligent

41.  Despite the fact that Defendant knew or should have known that consumers

7

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1    were able to remove the lid while the pressure cookers were still pressurized,
2    Defendant continued to market (and continue to do so) its pressure cookers to the
3    general public.

4    **WHEREFORE,** Plaintiff demands judgment against Defendant for and
5    punitive damages according to proof, together with interest, costs of suit, attorneys'
6    fees, and all such other relief as the Court deems proper. Plaintiff reserves the right
7    to amend the complaint to seek punitive damages if and when evidence or facts
8    supporting such allegations are discovered.

9                                        **THIRD CAUSE OF ACTION**
10                    **BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**
11            PLAINTIFF, FOR A THIRD CAUSE OF ACTION AGANST SHARKNINJA
12    OPERATING, LLC, ALLEGES AS FOLLOWS:
13    42.    Plaintiff incorporates by reference each preceding and succeeding paragraph as
14    though set forth fully at length herein.
15    43.    At the time Defendant marketed, distributed and sold its pressure cookers to
16    the Plaintiff in this case, Defendant warranted that its pressure cookers were
17    merchantable and fit for the ordinary purposes for which they were intended.
18    44.    Members of the consuming public, including consumers such as Plaintiff, were
19    intended third-party beneficiaries of the warranty.
20    45.    Plaintiff reasonably relied on Defendant's representations that its pressure
21    cookers were a quick, effective, and safe means of cooking.
22    46.    Defendant's pressure cookers were not merchantable because they had the
23    propensity to lead to the serious personal injuries as described herein in this
24    Complaint.
25    47.    Plaintiff used the pressure cooker with the reasonable expectation that it was
26    properly designed and manufactured, free from defects of any kind, and that it was
27    safe for its intended, foreseeable use of cooking.
28    48.    Defendant's breach of implied warranty of merchantability was the direct and

1    proximate cause of Plaintiff's injury and damages.

2        **WHEREFORE,** Plaintiff demands judgment against Defendant for and

3    punitive damages according to proof, together with interest, costs of suit, attorneys'

4    fees, and all such other relief as the Court deems proper.  Plaintiff reserves the right

5    to amend the complaint to seek punitive damages if and when evidence or facts

6    supporting such allegations are discovered.

7                        **FOURTH CAUSE OF ACTION**

8        **BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR**

9                                **PURPOSE**

10       PLAINTIFF, FOR A FOURTH CAUSE OF ACTION SHARKNINJA

11   OPERATING, LLC, ALLEGES AS FOLLOWS:

12   49.   Plaintiff incorporates by reference each preceding and succeeding paragraph as

13   though set forth fully at length herein.

14   50.   Defendant manufactured, supplied, and sold its pressure cookers with an

15   implied warranty that they were fit for the particular purpose of cooking quickly,

16   efficiently and safely.

17   51.   Members of the consuming public, including consumers such as Plaintiff, were

18   the intended third-party beneficiaries of the warranty.

19   52.   Defendant's pressure cookers were not fit for the particular purpose as a safe

20   means of cooking, due to the unreasonable risks of bodily injury associated with its

21   use.

22   53.   Plaintiff reasonably relied on Defendant's representations that its pressure

23   cookers were a quick, effective and safe means of cooking.

24   54.   Defendant's breach of the implied warranty of fitness for a particular purpose

25   was the direct and proximate cause of Plaintiff's injuries and damages.

26       **WHEREFORE,** Plaintiff demands judgment against Defendant for and

27   punitive damages according to proof, together with interest, costs of suit, attorneys'

28   fees, and all such other relief as the Court deems proper.  Plaintiff reserves the right

1   to amend the complaint to seek punitive damages if and when evidence or facts

2   supporting such allegations are discovered.

3                           **INJURIES & DAMAGES**

4   55.   As a direct and proximate result of Defendant's negligence and wrongful

5   misconduct as described herein, Plaintiff has suffered and will continue to suffer

6   physical and emotional injuries and damages including past, present, and future

7   physical and emotional pain and suffering as a result of the incident. Plaintiff is

8   entitled to recover damages from Defendant for these injuries in an amount which

9   shall be proven at trial.

10  56.    As a direct and proximate result of Defendant's negligence and wrongful

11  misconduct, as set forth herein, Plaintiff has incurred and will continue to incur the

12  loss of full enjoyment of life and disfigurement as a result of the incident. Plaintiff is

13  entitled to recover damages for loss of the full enjoyment of life and disfigurement from

14  Defendant in an amount to be proven at trial.

15  57.   As a direct and proximate cause of Defendant's negligence and wrongful

16  misconduct, as set forth herein, Plaintiff has and will continue to incur expenses for

17  medical care and treatment, as well as other expenses, as a result of the severe burns

18  she suffered as a result of the incident. Plaintiff is entitled to recover damages from

19  Defendant for her past, present and future medical and other expenses in an amount

20  which shall be proven at trial.

21                          **PRAYER FOR RELIEF**

22  **WHEREFORE**, Plaintiff demands judgment against the Defendant as follows:

23      A.  That Plaintiff has a trial by jury on all of the claims and issues;

24      B.  That judgment be entered in favor of the Plaintiff and against Defendant on

25          all of the aforementioned claims and issues;

26      C.  That Plaintiff recover all damages against Defendant, general damages and

27          special damages, including economic and non-economic, to compensate the

28          Plaintiff for her injuries and suffering sustained because of the use of the

                                    10
                **COMPLAINT AND DEMAND FOR JURY TRIAL**

Defendant's defective pressure cooker;

D. That all costs be taxed against Defendant;

E. That prejudgment interest be awarded according to proof;

F. For punitive and/or exemplary damages according to proof;

G. That Plaintiff be awarded attorney's fees to the extent permissible under Federal and California law; and

H. That this Court awards any other relief that it may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

Dated: September 28, 2022                 **HARLAN LAW, P.C**

*/s/ Jordon Harlan, Esq*
Jordon Harlan, Esq. (CA #273978)
2404 Broadway, 2nd Floor
San Diego, CA 92102
Telephone: (619) 870-0802
Fax: (619) 870-0815
Email: jordon@harlanpc.com

*In association with*:

**JOHNSON BECKER, PLLC.**

Adam J. Kress, Esq. (MN #0397289)
*Pro Hac Vice to be filed*
Anna R. Rick, Esq. (MN 0401065)
*Pro Hac Vice to be filed*
444 Cedar Street, Suite 1800
St. Paul, MN 55101
Telephone: (612) 436-1800
Fax: (612) 436-1801
Email: akress@johnsonbecker.com
Email: arick@johnsonbecker.com

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury of all the claims asserted in this Complaint so triable.

**Dated: September 28, 2022**          **JOHNSON BECKER, PLLC**

By _/s/ Jordon Harlan, Esq_
Jordon Harlan, Esq. (CA #273978)